# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ZUPKO, | )<br>) |
| Petitioner, | )<br>) |
| vs. | ) Cause No. 3:16-cv-121<br>)<br>) |
| SUPERINTENDENT, | )<br>) |
| Respondent. | ) |

## OPINION AND ORDER

John Zupko, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary hearing in which a Disciplinary Hearing Officer found him guilty of possession of a controlled substance in violation of Indiana Department of Correction policy (DE 1 at 1.) Zupko was docked 90 days good time credit and was demoted from Credit Class 1 to Credit Class 2. (*Id.*)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause of the Fourteenth Amendment: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense, when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974).

In his petition, Zupko identifies four grounds for relief. In Grounds One and Three, he argues that there was insufficient evidence to support the finding of guilt. (DE

1 at 2.) In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) (citations omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of "some evidence in the record." This is a lenient standard, requiring no more than a "modicum of evidence." Even "meager" proof will suffice, so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations omitted). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal quotation marks and citations omitted). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

The IDOC defines offense B-202 as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." IDOC Adult Disciplinary Process App. I: Offenses at 3 (June 1, 2015), *available at* www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The

2

IDOC defines "possession" to include any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders at 5 (6/1/15), *available at* www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. And Indiana law prohibits the possession of any synthetic drug. Indiana Code§ 35-48-4-11.5.

> The Conduct Report charged Zupko as follows:
>
> On 12/6/2016 at approximately 2:00am, I Sergeant T. Hyde was conducting cell searches in KHU when I entered cell K-349/350. At that time, I found a white envelope with what appears to be a green leafy substance inside. The envelope was laying on a shelf which was identified by the ID belonging to Offender Kupko, John # 149585 K-349. Along with the green substance was as two wraps that had been soaked in coffee. Which is used to hide the smell of tobacco or other substances from being identified.

(DE 6-1 at 1.) When he was notified of the charges, Zupko requested a witness and requested that the substance be tested. (DE 6-6 at 1.) Zupko's witness provided a statement claiming that the substance was pizza seasoning and belonged to the witness. (DE 6-7 at 1.) The substance, tested at the prison, tested positive for synthetic marijuana. (DE 6-5 at 1.) The hearing officer ultimately found Zupko guilty based on the Conduct Report and the test results. (DE 6-9 at 1.)

The hearing officer's finding was not arbitrary or unreasonable in light of the positive test results. Zupko insists that the substance was pizza seasoning and argues

that the evidence he presented (his statement and a statement from his witness, his brother) should have outweighed the evidence from the test. (DE 1 at 1.) However, it was the hearing officer's job, not mine, to weigh the evidence. *See McPherson*, 188 F.3d at 786. That the hearing officer apparently granted greater weight to the test results is not a basis for *habeas corpus* relief.

Zupko also argues that he should have been allowed to send the substance for testing at an outside laboratory at his own expense and that he was never shown specific test results identifying the chemical discovered. (DE 1 at 2.) However, the prison's refusal to send the substance for outside testing did not violate Zupko's due process rights. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.*

Zupko raises two other grounds in his petition. In Ground Two, he alleges that 15 other inmates are similarly situated and appears to be a statement in support of Ground One, rather than a ground for relief in itself. In any event, Ground Two does not implicate any of the due process rights identified in *Wolff* and is therefore not a basis for *habeas corpus* relief. The same is true of Ground Four, in which Zupko alleges that

4

the Final Reviewing Authority did not return his paperwork. This is irrelevant to the question of whether he received due process prior to the imposition of his discipline.

For the reasons set forth above, the petition (DE 1) is **DENIED**, and the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED.**

ENTERED: June 29, 2017.

                               s/ Philip P. Simon
                               JUDGE, UNITED STATES DISTRICT COURT